UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NAKIA COX,<br><br>  Plaintiff,<br><br>  v.<br><br>CORIZON CORRECTIONAL HEALTH SERVICES, DR. JOHN MIGLIORI, RONA SIEGERT, GRANT ROBERTS, SAMUL PIERSON, JOE CARDONA, DR. MENARD, and WARDEN JAY CHRISTENSEN,<br><br>  Defendants. | Case No.: 1:18-cv-00008-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Plaintiff's Motion for Preliminary Injunction Pursuant to F.R.C.P. 65. Dkt. 18. Having reviewed the parties' briefing, as well as the record in this case, the Court has determined that oral argument is unnecessary. Accordingly, the Court enters the following Order.

## LEGAL STANDARD

A Rule 65 preliminary injunction may be granted if the moving party demonstrates the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the

balance of potential harm favors the moving party; and (4) that the public interest favors granting relief. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Doe v. Kelly,* 878 F.3d 710, 719 (9th Cir. 2017). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video Satellite v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions of the parties until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Where, as here, a party seeks a mandatory preliminary injunction, the court must deny such relief "unless the facts and law clearly favor the moving party." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir.1994) (internal quotation marks omitted).

In deciding whether to issue a preliminary injunction, the Court "is not bound to decide doubtful and difficult questions of law or disputed questions of fact.*" Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir.1986). Because the first element—likelihood of success on the merits—is "a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, [a district court] need not consider the remaining three." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (internal quotation marks omitted). The Court begins its analysis there.

# ANALYSIS

In his Amended Complaint, Mr. Cox alleges that an outside specialist, Dr. Bunt, diagnosed him with Thoracic Outlet Syndrome ("TOS") and recommended surgery to address the condition. Dkt. 7 at 7. Mr. Cox alleges Defendants then failed to authorize and provide surgery as recommended, instead sending him to another doctor who diagnosed him with Complex Regional Pain Syndrome ("CRPS") and recommended alternative treatment. *Id.* at 8. As a result, Plaintiff alleges he suffers pain and blockage of his arteries, and that he lives with fear of blood clots, stroke, or heart attack. *Id.* Now, Mr. Cox seeks mandatory injunctive relief that he be "sent to an outside doctor, a specialist in his field of medicine, to be tested, diagnosed, and treated for his medical condition," which he alleges is TOS, not CRPS, as diagnosed by Defendants. Dkt. 18 at 13, 16. He further asks the court to order the IDOC to follow the recommendations of the outside specialist and submit a remedial plan to cure the symptoms he alleges in his Amended Complaint. *Id.* Although Mr. Cox has alleged sufficient facts to survive the Court's initial screening pursuant to 28 U.S.C. § 1915A, he does not present enough evidence to establish a likelihood of success on the merits to justify mandatory preliminary injunctive relief.

**1. Mr. Cox Does Not Establish a Likelihood of Success on the Merits**

A motion for preliminary injunction that "orders a responsible party to 'take action'" is a request for a mandatory preliminary injunction, which requires a more significant factual showing from Mr. Cox. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma*

*GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citation omitted). As the Ninth Circuit has cautioned, a mandatory injunction "goes well beyond simply maintaining the status quo pendente lite [and] is particularly disfavored." *Garcia*, 786 F.3d at 740. Mr. Cox therefore faces a heightened burden to show "that the law and facts clearly favor h[is] position, not simply that []he is likely to succeed." *Id.* Furthermore, to prevail on a claim that he was denied adequate medical care in violation of the Eighth Amendment, Mr. Cox must establish that Defendants were deliberately indifferent to his "serious" medical needs. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Deliberate indifference is shown only where an official "knows of and disregards an excessive risk of inmate health and safety...." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Mr. Cox bases his Eighth Amendment claim on a difference of medical opinion between Dr. Bunt, who initially recommended surgery and a referral to an outside pain specialist, and Defendants Dr. Migliori, Mr. Pierson, Mr. Roberts and Ms. Seigert, who collectively carried out an alternate course of treatment. Dkt. 10 at 6. But a difference of medical opinion between doctors over medical treatment does not amount to deliberate indifference to a serious medical need. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Mr. Cox has not pointed to any evidence to suggest any individual Defendant

made a decision that was "medically unacceptable" or that "conscious[ly] disregard[ed] an excessive risk" to his health and safety.

On the contrary, Defendants have submitted evidence to show that Mr. Cox's treatment plan was reasonable under the circumstances. For example, Defendants have pointed to the fact that Dr. Migliori is an expert in treating chronic pain, and that Mr. Cox has responded well to some of the treatments he has received. Dkt. 21 at 7-9. Defendants also introduce evidence which suggests Mr. Cox's original diagnosis came from a doctor who was "not an expert in the field," and that CRPS is a "poorly understood condition" that is difficult to diagnose and treat. Dkt. 21-1 at 3. Mr. Cox does not refute these claims with any evidence of his own. In all, the evidence accompanying Mr. Cox's Amended Complaint and Motion for Preliminary Injunction favors the Defendants, rather than Mr. Cox. He has therefore failed to meet the heavy burden required to show a likelihood of success on the merits that would justify mandatory preliminary injunctive relief.

Not only does Plaintiff fail to demonstrate a likelihood of success on the merits of his claim, he also fails to show that he is likely to suffer irreparable injury if a preliminary injunction does not issue. There is no evidence in the record that Mr. Cox's pain is increasing, or that he will suffer further significant harm if he does not receive the treatment he seeks. *See generally* Dkts. 7, 18. Instead, Dr. Migliori who has significant experience in pain management submits that Mr. Cox "is not at any risk of harm— imminent, irreparable, or otherwise—and an off-site referral would very likely result in a recommendation to attempt the very treatments he is now receiving." Dkt. 21-1 at 5.

Because Mr. Cox does not present any evidence which would indicate he will suffer irreparable harm from his current course of treatment, the Court finds this factor also weighs against granting a mandatory preliminary injunction.

Where Plaintiff fails to establish either a likelihood of success on the merits or a likelihood of irreparable injury in the absence of preliminary injunctive relief, his Motion lacks merit, and should be denied.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion for Preliminary Injunction Pursuant to F.R.C.P. 65 (Dkt. 18) is **DENIED**.

DATED: February 27, 2019

B. Lynn Winmill
U.S. District Court Judge